Frederick L. Whitmer, Esq.
Email: FWhitmer@kilpatrickstockton.com
Lisa Pearson, Esq.
KILPATRICK STOCKTON LLP
31 West 52nd Street, 14th Floor
New York, NY 10019
Telephone: 212 775 8700
Facsimile: 212 775 8800

Ronald F. Lopez (SBN 11756)
Ellen Papadakis (SBN 186621)
Sushila Chanana (SBN 254100)
Nixon Peabody LLP
One Embarcadero Center, 18th Floor
San Francisco, CA 94111–3600
Tel.: 415.984.8200
Fax: 415.984.8300

UNITED STATES DISTRICT COURT

SOUTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| CRITTENDEN RESEARCH, INC.<br><br>Plaintiff,<br><br>vs.<br><br>MERIDIAN CAPITAL GROUP, LLC<br><br>Defendant. | Case No.: 09CV1709<br><br>**ANSWER TO COMPLAINT** |

MERIDIAN CAPITAL GROUP, LLC, by its undersigned attorneys, Kilpatrick Stockton LLP and Nixon Peabody LLP, for its answer to the Complaint, says:

1. It denies the allegations of Paragraph 1 of the Complaint except it admits that Crittenden purports to bring this action for alleged copyright infringement under the laws of the United States and that Crittenden seeks alleged damages therefore.

2. It denies the allegations of Paragraph 2 of the Complaint except that it admits that Crittenden purports to seek all remedies afforded by the Copyright Act.

3. It admit the allegations of Paragraph 3 of the Complaint.

4. It denies the allegations of Paragraph 4 of the Complaint.

5. It is without knowledge sufficient to form a basis to admit or deny the allegations of Paragraph 5 of the Complaint.

6. It denies the allegations contained in the third sentence of Paragraph 6 of the Complaint, except it admits the allegations of the first two sentences of Paragraph 6 of the Complaint.

7. It is without knowledge sufficient to form a basis to admit or deny the allegations of Paragraph 7 of the Complaint.

8. It is without knowledge sufficient to form a basis to admit or deny the allegations of Paragraph 8 of the Complaint.

9. It is without knowledge sufficient to form a basis to admit or deny the allegations of Paragraph 5 of the Complaint, and inasmuch as the allegation is a conclusion of law, no factual admission or denial is required.

10. It admit the allegations of the first and second sentences of Paragraph 10 of the Complaint, except it is without knowledge sufficient to form a basis to admit or deny the allegations of the third sentence of Paragraph 10 of the Complaint, and except it denies the allegations of the last sentence of Paragraph 10 of the Complaint.

11. It admits the allegations of the first sentence of Paragraph 11 of the Complaint, and t is without knowledge sufficient to form a basis to admit or deny the allegations of the second and third sentences of Paragraph 11 of the Complaint.

12. It denies the allegations of Paragraph 12 of the Complaint.

13. It is without knowledge sufficient to form a basis to admit or deny the allegations of Paragraph 13 of the Complaint.

14. It admit the allegations of the first sentence of Paragraph 14 of the Complaint, except it is without knowledge sufficient to form a basis to admit or deny the allegations of the second and third sentences of Paragraph 14 of the Complaint..

15. It denies the allegations of Paragraph 15 of the Complaint, except it admits that attorneys for Crittenden sent it a letter dated July 10, 2008.

16. It is without knowledge sufficient to form a basis to admit or deny the allegations of Paragraph 16 of the Complaint.

17. It denies the allegations of Paragraph 17 of the Complaint.

18. It repeats and makes a part hereof its answers and responses to Paragraphs 1-17 of the Complaint.

19. It denies the allegations of Paragraph 19 of the Complaint.

20. It denies the allegations of Paragraph 20 of the Complaint.

21. It denies the allegations of Paragraph 21 of the Complaint.

22. It denies the allegations of Paragraph 22 of the Complaint.

### Affirmative Defenses

1. The Complaint fails, in whole or in part, to set forth a claim upon which relief may be granted.

2. This Court may not, consistently with Due Process, exercise personal jurisdiction over the person of Meridian Capital Group, LLC.

3. Venue in this District is either improper pursuant to 28 U.S.C. §§1391 and 1400 or is inconvenient, requiring the interests of justice to transfer to a more convenient forum, such as the United States District Court for the Southern District of New York.

4. Crittenden should be denied relief because its alleged copyright materials are invalid.

5.  Crittenden should be denied relief, in whole or in part, on account of the misuse of its copyrights.

WHEREFORE, Defendant Meridian Capital Partners LLC demands judgment in its favor and as against Plaintiff CRITTENDEN RESEARCH, INC., in all respects, with costs.

Dated:  September 22, 2009                 NIXON PEABODY LLP

/s/  Ellen Papadakis
Ellen Papadakis
Attorneys for Defendant MERIDIAN CAPITAL GROUP, LLC

# PROOF OF SERVICE

CASE NAME:  CRITTENDEN RESEARCH, INC. v. MERIDIAN CAPITAL GROUP
COURT:       UNITED STATES DISTRICT COURT – SOUTHERN DISTRICT
CASE NO.:    09 CV 1709 MMA NLS

I, the undersigned, certify that I am employed in the City and County of San Francisco, California; that I am over the age of eighteen years and not a party to the within action; and that my business address is One Embarcadero Center, 18th Floor, San Francisco, CA 94111-3996.  On this date, I served the following document(s):

## ANSWER TO COMPLAINT

on the parties stated below, through their attorneys of record, by placing true copies thereof in sealed envelopes addressed as shown below by the following means of service:

: X :   By First-Class Mail — I personally deposited each envelope with the United States Postal Service with first-class postage thereon fully prepaid, in San Francisco, California, for mailing to the office of the addressee following ordinary business practices.

___:   By Personal Service — I caused each such envelope to be given to a courier messenger to personally deliver to the office of the addressee.

___:   By Overnight Courier — I caused each such envelope to be given to an overnight mail service at San Francisco, California, to be hand delivered to the office of the addressee on the next business day.

___:   By Facsimile — From facsimile number  at A.M./P.M., I caused each such document to be transmitted by facsimile machine, to the parties and numbers listed below, pursuant to Rule 2008.  The facsimile machine I used complied with Rule 2003(3) and no error was reported by the machine.  Pursuant to Rule 2008(e)(4), I caused the machine to print a transmission record of the transmission, a copy of which is attached to the original of this declaration.

Addressees

John E. Barry
Thomas W. Kirby
Bruce L. McDonald
WILEY REIN LLP
1776 K Street NW
Washington, D.C.  20006
Telephone:  202.719.7000
Facsimile:  202.719.7049

I declare under penalty of perjury that the foregoing is true and correct.  Executed on September 22, 2009, at San Francisco, California.

_____
Carolyn Moore

PROOF OF SERVICE
CASE NO. 09 CV 1709

12717547.1

**CERTIFICATE OF ELECTRONIC SERVICE
VIA FILING USERS THROUGH THE COURT'S ELECTRONIC FILING SYSTEM**

**CASE NAME:** CRITTENDEN RESEARCH, INC. vs. MERIDIAN CAPITAL GROUP, LLC
**COURT:** UNITED STATES DISTRICT COURT – SOUTHERN DISTRICT
**CASE NO.:** 09 CV 1709

**PARTY SERVED:** Crittenden Research, Inc. through its attorneys of record Wiley Rein LLP

**DOCUMENT SERVED: ANSWER TO COMPLAINT**

I am over the age of 18 and not a party to the within action. I am employed in the County of San Francisco, State of California by Nixon Peabody LLP. My business address is One Embarcadero Center, 18th floor, San Francisco, CA 94111.. My e-mail address is carmoore@nixonpeabody.com.

On September 22, 2009, I am causing the document to be served on the Filing Users through the Court's Electronic Filing Systems.

I declare under penalty of perjury under the laws of the State of California that the foregoing is true and correct.

Executed on September 22, 2009, at San Francisco, California.

　　　　　　　　　　　　　　　　　　　　/s/ Carolyn Moore
　　　　　　　　　　　　　　　　　　　　Carolyn Moore

12717535.1